```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

ROBIN D. YOUNGER,                    :
                                     :
    Plaintiff,                       :
                                     :
    v.                               :     CASE NO. 3:13CV1008(AWT)
                                     :
PATRICIA BRIDGEFORTH, ALANA,         :
CALLAHAN and BRIDGEPORT BOARD        :
OF EDUCATION,                        :
                                     :
    Defendants.                      :

                  RECOMMENDED RULING OF DISMISSAL

    The plaintiff, Robin D. Younger, brings this action against defendants Patricia Bridgeport, Alana Callahan and the Bridgeport Board of Education, alleging violation of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.  Pending before the court is the plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Doc. #2.)  Based on the financial information submitted by the plaintiff, the motion is granted.  However, the undersigned recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

I.   Legal Standard

    The same statute that authorizes the court to grant in forma pauperis status to a plaintiff also contains a provision that protects against abuses of this privilege. Subsection (e) provides that the court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or

malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility." Bilodeau v. Pillai, No. 3:10CV1910(JCH), 2011 WL 3665428, at *1 (D. Conn. Aug. 22, 2011). In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[ ]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

II. Factual Background

The plaintiff alleges that defendant Patricia Bridgeforth, a school official, received a request for information about the plaintiff's granddaughter.  (Compl. ¶7.)  The request stated that the plaintiff consented to the release of the information, but this was not correct.  (Compl. ¶8.)  The plaintiff contacted the school

principal, defendant Callahan, who confirmed that the school had received a request for information but said that no information had been provided in response. (Compl. ¶13.) The plaintiff also contacted the defendant Bridgeport Board of Education. The plaintiff later learned that defendant Bridgeforth had provided information regarding the plaintiff's granddaughter in response to the faxed request. (Compl. ¶19.) The plaintiff alleges that by disclosing the information without proper consent, the defendants violated the nondisclosure provisions of the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g.

III. Discussion

The plaintiff's complaint should be dismissed because it fails to state a legally cognizable claim. The United States Supreme Court has unequivocally held that "FERPA's nondisclosure provisions fail to confer [individually] enforceable rights" and provide no basis for a private right of action. Gonzaga Univ. v. Doe, 536 U.S. 273, 287 (2002). See also Curto v. Roth, 87 Fed. App'x 785 (2d Cir. 2004)(affirming dismissal of plaintiff's claims under FERPA in light of the Supreme Court's decision in Gonzaga Univ. v. Doe, 536 U.S. 273 (2002)); Simpson ex rel. Simpson v. Uniondale Union Free School Dist., 702 F. Supp.2d 122, 129 (E.D.N.Y. 2010)(dismissing FERPA claim because "FERPA does not create a private cause of action by itself", citing Gonzaga Univ. v. Doe, 536 U.S. 273, 276 (2002)).

Accordingly, the complaint should be dismissed without

prejudice.

Any party may seek the district court's review of this recommended ruling.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated this 13th day of August, 2013 at Hartford, Connecticut.

```
            /s/
     Donna F. Martinez
     United States Magistrate Judge
```